544 P.2d 1147
**The STATE of Idaho, Plaintiff-Respondent,**

v.

**James B. WALLER, Defendant-Appellant.**
**No. 11629.**

Supreme Court of Idaho.
Jan. 20, 1976.

James B. Waller, pro se.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Defendant-appellant was sentenced to life imprisonment for first degree murder

on January 3, 1972. By motion filed pro se April 16, 1974, he asked the district court for credit on his sentence for the approximately six months he spent in the county jail prior to the imposition of sentence.[1] He appeals from the district court order denying his motion.

The method for computing the term of imprisonment is established by I.C. § 18–309. The original section made no provision for credit for presentence incarceration.[2] That section was repealed, however, effective January 1, 1972, shortly before appellant was sentenced. Subsequently, the legislature enacted the following statute, effective April 1, 1972:

I.C. § 18–309.

"In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which judgment was entered. The remainder of the term commences to run only upon the actual delivery of the defendant at the place of imprisonment, and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term."[3]

By repealing the original section and subsequently enacting the amended section the legislature recognized the inequity of denying credit for presentence incarceration. Although the appellant here was sentenced shortly after the repeal and shortly before the reenactment which provided credit for incarceration before judgment,

we agree with the Alaska Supreme Court that fairness dictates that the credit be given to him. *Thompson v. State,* 496 P.2d 651 (Alaska 1972). *See also Ham v. State of North Carolina,* 471 F.2d 406 (4th Cir. 1973); *People v. Jones,* 176 Colo. 61, 489 P.2d 596 (1971). Consequently, we reverse the order of the district court and remand for resentencing to give defendant credit for the time he spent in the county jail from July 6, 1971 to the time that judgment was entered.

Order reversed and remanded.

---

1. Defendant was arrested and placed in the county jail on July 6, 1971.

2. The original I.C. § 18–309 read as follows: "The term of imprisonment fixed by judgment in a criminal action commences to run only upon the actual delivery of the defendant at the place of imprisonment, and if thereafter, during such term, the defendant by any legal means is temporarily released from such

imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term."

3. I.C. § 18–309 was amended effective July 1, 1975 to provide that "the remainder of the term commences upon the pronouncement of sentence."