551 P.2d 971

**The STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Michael Leslie BEER, Defendant-Appellant.**

**No. 11535.**

Supreme Court of Idaho.

July 2, 1976.

———————◆———————

Michael Leslie Beer, pro se.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Ronald D. Bruce, Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

Defendant-appellant was convicted of voluntary manslaughter in October of 1971 and sentenced to a term not to exceed ten years.

He appeals from an order denying his pro se motion seeking credit against the sentence for 245 days served in "pre-trial confinement," which the trial court in its order spoke of as "a motion for credit for county jail time" and denied on the ground that I.C. § 18–309, as amended, and reenacted effective April 1, 1972, could not be retroactively applied to appellant. *State v. Waller,* 97 Idaho 377, 544 P.2d 1147 (1976), had not been handed down when the trial court denied the motion. Application of the holding in that case would ordinarily require reversal with directions to give credit for the pre-trial confinement.

In its brief the State calls to our attention that at the time of his arrest on the

homicide charge appellant was already incarcerated under the terms of an Idaho burglary conviction and sentence, and also that the homicide was committed while appellant was out on parole. These facts, if such they be, are not found in the record, and cannot be the basis of any determination made in this Court. Nor is it shown that such were brought to the attention of the trial court.

Consistent with *State v. Waller, supra,* we reverse and remand for resentencing only, with directions to the trial court that appropriate credit be given appellant for any time spent in pre-trial confinement which is found attributable to his being held awaiting trial on the homicide charge, as distinguished from being then confined by the terms of a previous conviction.

Order reversed and remanded.