630 P.2d 143

STATE of Idaho, Plaintiff-Respondent,

v.

Anthony Martin HOCH, Defendant-Appellant.

No. 13727.

Supreme Court of Idaho.

June 11, 1981.

---

Klaus Wiebe and Debra Loy, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a trial court order refusing a correction of a sentence. The sole argument advanced by appellant Hoch is as to the amount of time which he should be allowed as credit against his sentence for the time he spent in confinement prior to his conviction. We affirm.

Hoch was arraigned on two charges of second degree burglary and being unable to post the required bail spent 383 days in confinement prior to his pleas of guilty, conviction and sentencing. Hoch was sentenced to a five year term of confinement on each of the burglary convictions, which sentences were to run consecutively.

Hoch filed a motion for correction of sentence asserting that I.C. § 18–309 requires that he be given 383 days credit on each of the five year sentences, i. e., a total of 766 days. I.C. § 18–309 provides:

"In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time

during which he was at large must not be computed as part of such term."

A statute is to be construed in consideration of the reason for the statute, its object and purpose and thereby ascertain and render effective the legislative intent. See Lebrecht v. Union Indemnity Co., 53 Idaho 228, 22 P.2d 1066 (1933). We hold that the purpose of I.C. § 18–309 is clearly to give a person convicted of a crime credit for such time as he may have served prior to the actual sentencing upon conviction. We find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes. See Miller v. State, 297 So.2d 36 (Fla.App. 1974).

The order of the district court is affirmed.

BAKES, C. J., and McFADDEN and DONALDSON, JJ., concur.

BISTLINE, Justice, dissenting.

I.

In State v. Waller, 97 Idaho 377, 544 P.2d 1147 (1976), this Court first gave its consideration to I.C. § 18–309, which had been amended in 1972 and again in 1975, bringing it to its present reading. Of the amendment's giving a criminal defendant the benefit of his presentence period of incarceration, the Court noted only: "By repealing the original section and subsequently enacting the amended section the legislature recognized the inequity of denying credit for presentence incarceration." 97 Idaho at 378, 544 P.2d at 1148.

The Court could have, and in my view should have, gone a paragraph or so more and explained the background for this show of legislative and judicial[1] beneficence. The Court did, however, consider and note in its opinion three recent cases which guided its understanding of the legislative intent, and also guided it to its policy of

---

1. Judicial beneficence for the reason that the court, though noting that the statute was not yet applicable when Waller was sentenced, declared that fairness required that the statutory intent be accorded him.

"fairness" mentioned in the marginal note. The three landmark cases are from respectable courts—which should go without saying in view of this Court's reliance upon them—and are: *Thompson v. State*, 496 P.2d 651 (Alaska 1972); *Ham v. State*, 471 F.2d 406 (4th Cir.1973); and *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971). A quick perusal of these cases explains the "inequity" mentioned above in the excerpt from *State v. Waller*. The Colorado Supreme Court in *Jones* opened its opinion with this observation:

> "Fundamental to all the claims for reduction of sentence and for relief under the provisions of Crim.P. 35 is the assertion that credit for time spent in custody because of financial inability to make bail is a constitutional right vouchsafed by the provision against double jeopardy in the Fifth Amendment and the equal protection clause of the Fourteenth Amendment." 489 P.2d at 597.

Holding that the posture of the defendant in that case did not require resolution of the constitutional issues, and after noting that Colorado has "neither rule nor statute that requires a trial judge to grant a defendant credit for time which he has served in jail before there is an ascertainment of guilt and the imposition of sentence," *id.* at 599–600, the court concluded:

> "It is clear, however, that the trial judge should consider the time that the defendant is confined prior to the imposition of sentence, and justice requires no less. Once a trial judge has elected to grant a defendant credit for the time which he has served prior to the imposition of sentence, it is only fair that the time be deducted or credited against both the minimum and the maximum sentence." *Id.* at 600.

In the Alaska case, *Thompson*, the defendant's contention was of the same constitutional nature as that raised in *Jones*, i. e., "that the denial of credit for presentence time is an invidious discrimination against impecunious defendants unable to post bail." 496 P.2d at 654. The Court then followed in line with the Colorado court's

"fairness" concept and applied a statute which the Alaska legislature had passed only after Thompson had been sentenced.

The Circuit Court of Appeals in the *Ham* case, a federal habeas corpus review of a state prisoner's sentence, gave the same relief as given by the courts of Alaska and Colorado, noting that the state courts of North Carolina had refused Ham any relief, and that the legislature of that state in passing "credit" legislation had extended it only prospectively. (A palpably unconstitutional provision, said the Circuit Court as it refused a state plea to let the North Carolina state courts resume jurisdiction and decide that issue.)

Out of the three cases cited in *Waller* comes a clear understanding that the real basis of the "fairness" doctrine in both judicial and legislative "credit" provisions is the spectre of an opinion from the United States Supreme Court striking down as unconstitutional most, if not all, pretrial incarceration of indigent defendants unable to post bail.

With those prefatory remarks out of the way, which might well have been made in something more than the per curiam disposition made in Waller's pro se appeal, I move on to Hoch's pro se appeal.

### II.

Hoch, in his pro se appearance in district court, wrote a very creditable and credible brief, citing and discussing the *Waller* case, *State v. Beer*, 97 Idaho 684, 551 P.2d 971 (1976), *State v. Machen*, 100 Idaho 167, 595 P.2d 316 (1979), and the earlier Idaho case of *Freeman v. State*, 87 Idaho 170, 392 P.2d 542 (1964). In addition he cited and relied on *People v. Malcolm*, 44 N.Y.2d 875, 407 N.Y.S.2d 628, 379 N.E.2d 156 (N.Y.1978), for the proposition that his pretrial incarceration should have been credited towards reducing each of the sentences imposed for the burglaries for which he was being confined awaiting a decision as to his guilt and imposition of sentence.

The trial court's short memorandum order denying him any relief noted that Hoch was only in jail 383 days, and that to adopt

Hoch's "logic, he would receive credit for seven hundred and sixty-six (766) days towards the total sentence . . . ."

Hoch, of course, did not receive a "total sentence," but received for two independent burglaries two separate sentences, each for five years.[2] It is true that the two sentences added up to ten years. Such is no answer.

Hoch is wholly correct in his contention that he should receive jail-time credit on each of the two five year sentences which he received. Hoch's pretrial jail confinement was no more occasioned by his inability to make bail under the first burglary charge than it was on the second charge, and no more occasioned by the second charge than it was by the first. Unless Hoch could make bail on both charges, he was destined to remain in jail until he pleaded guilty or stood trial. The very purpose of I.C. § 18–309 and similar statutes throughout the states is totally frustrated by the Court's unreasoning and illogical holding today that pretrial incarceration time will only be applied to one of the two or more charges upon which a defendant is held to answer and eventually sentenced. An impecunious Hoch who could not make bail on either charge gets credit on but one of the charges, ipso facto resulting in his indigency causing him to do 383 days more time than he should be doing if the statute were applied to each charge as is its plainly worded intent.[3]

2. Hoch's first JUDGEMENT OF CONVICTION, filed July 14, 1977, provided as follows:
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED That the said Anthony M. Hoch is guilty of the crime of Burglary in the Second Degree—2 Counts, Fel. and that he be sentenced to the Custody of The State Board of Corrections of the State of Idaho for a term of not to exceed five (5) years each for Count I and Count II."
On revoking Hoch's probation, the district court on December 7, 1978, entered an order so providing, and therein resentenced Hoch, increasing his sentence at the same time:
"[T]he defendant is sentenced to the Idaho State Board of Corrections on Count I, Burglary in the Second Degree, for a *fixed term* of five (5) years and on Count II, Burglary in the Second Degree, for a *fixed term* of five (5) years, with sentences to run consecutive. Credit is allowed for 383 days served prior to this sentence." (Emphasis added.)
*State v. Pedraza*, 101 Idaho 440, 614 P.2d 980 (1980), had not been announced at the time the trial court here concluded that it could increase Hoch's punishment. Obviously it could not have done so if *Pedraza* and *Roberts v. United States*, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943), are of continuing validity.
Hoch, so it seems, has fared rather for the worse at the hands of the judiciary. In addition to having the severity of his punishment enhanced after violation of his probation, this Court, acting on the suggestion of the attorney general, dismissed the appeal which Hoch filed and briefed, pro se, following the imposition of the second set of sentences, without any hearing. Citing *State v. Wagenius*, 99 Idaho 273, 581 P.2d 319 (1978), the state contended that Hoch was required to appeal within 42 days after he was first convicted and sentenced, notwithstanding that he was placed on probation which did not require him to do any jail time or

pay any fine. *Wagenius*, as I understand that opinion, extended the right of appeal where probation was ordered and included therein was a monetary fine and/or jail time. *Wagenius* did not mandate that an appeal had to be taken or else the right to appeal was lost, the trial court clearly as was done here, retaining jurisdiction. A defendant under probation is surely entitled to the same considerations extended under I.A.R. 14(a). Otherwise a "Catch 22" situation is created forcing appeals which might otherwise not be taken. It is quite clear that under I.A.R. 11 Hoch had a right to appeal, and as one member of the Court, I regret the injustice done him.
A belated review of that earlier appeal, No. 13181, reveals further injustice to Hoch in that the dismissal also precluded our review of a well presented argument and array of authority which might very well have resulted in our reversing one of the burglary convictions with directions to allow Hoch to plead anew. Hoch at *all* times throughout district court maintained that he was involved in but one of the two burglaries with which he was charged, and to which he entered pleas of guilty. Quite clearly he did not comprehend, nor was he told, that he could end up with a total sentence of ten years. He was to learn that only upon being sentenced. The trial court examined him extensively as to his reasons for pleading guilty to a charge of which he was not guilty, but consecutive sentencing was not mentioned, and Hoch was under the impression that he could get five years whether guilty of two burglaries or one.
Today's opinion denying him jail-time credit on a sentence for a crime he may not have committed will seem a bit hardhanded.

3. I.C. § 18–309 provides in part: "[i]n computing the term of imprisonment, the person

The highest appellate court in New York held in *People v. Malcolm,* 44 N.Y.2d 875, 407 N.Y.S.2d 628, 628, 379 N.E.2d 156, 156 (1978), a unanimous opinion, that "[w]hen a prisoner is held under several charges, jail time must be credited against all of them until there is a commencement of imprisonment upon sentencing . . . ." In that case, the defendant was arrested and confined for three separate offenses—one misdemeanor and two felonies. He was tried first on the misdemeanor and sentenced to "time served." He was subsequently tried and convicted separately on each felony, the resulting sentences to run concurrently. The above quoted statement was made in holding that the defendant must receive credit on the felony charges for time served prior to the misdemeanor sentence, *even though* this would in essence allow double credit for presentence time served (*i. e.,* presentence time served—60 days—was taken off of *both* the misdemeanor sentence, which was imposed some 74 days *prior* to the defendant's conviction on the first felony, *and* both sentences imposed for the two felonies).

New York Penal Law § 70.30(3) provides in part that:

"The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence."

This statute, almost identical to Idaho's in that it ties the credit received on a sentence into the charge for which the defendant was originally jailed *and* the sentence imposed *for that charge*, should make the *Malcolm* case extremely persuasive.

Florida's jail time credit statute, on the other hand, does not tie the credit received into the charge (or charges) for which a defendant is jailed, but simply provides that "the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence." F.S.A. § 921.161(1). The majority's reliance on a Florida case interpreting the Florida statute is therefore perplexing, as is their failure to refer to *People v. Malcolm, supra,* let alone their failure to attempt to show a distinction.

Finally, it is to be observed that the New York statute, at a later point in the quoted section, specifically provides for applying jail time credit in consecutive sentences, and reinforces the plain intent of the quoted paragraph by crediting presentence time on both sentences.

The *sole* reason given by the majority for its conclusion is this: "[W]e find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes." This Court may go beyond the plain language of a statute *only* " 'when a literal reading of a provision will work an unreasonable or absurd result . . . .' " *Eberle v. Nielson,* 78 Idaho 572, 581, 306 P.2d 1083, 1088 (1957) (quoting *Smallwood v. Jeter,* 42 Idaho 169, 184, 244 P. 149, 153 (1926)). The majority's failure to find an intent to "pyramid" credit does not amount to a finding that the consequences of such pyramiding would be "unreasonable or absurd." Indeed, if the yardstick by which we measure absurdity is the effect of a particular sentencing tool on actual time served, the majority must also hold that the entire concept of concurrent sentencing is absurd. By allowing separate credit on each charge for which a defendant is jailed, I.C. § 18–309 does no more than legislatively dictate that presentence incarceration for more than one crime *is conclusively deemed to run concurrently.* New York has, albeit even more explicitly, legislated the same result, yet the majority does not make so bold as to call New York's statute absurd.

The trial bar will find it difficult to understand why the majority feels it necessary to here resort to divining the intent of the legislature, other than that doing so

against whom the judgment was entered, shall receive credit for any period of incarceration prior to entry of judgment, if such incarcera-

tion was for the offense or an included offense for which the judgment was entered."

allows the Court to impose its own preferences upon the sentencing circumstances which I.C. § 18–309 addresses. The cardinal rule of statutory construction is that "[w]here statutes are not ambiguous, it is the duty of the court to follow the law as written, and if it is socially or otherwise unsound, the power to correct is legislative, not judicial." *Anstine v. Hawkins*, 92 Idaho 561, 563, 447 P.2d 677, 679 (1968). *See Herndon v. West*, 87 Idaho 335, 393 P.2d 35 (1964); *John Hancock Mutual Life Insurance Co. v. Neill*, 79 Idaho 385, 319 P.2d 195 (1957).

I.C. § 18–309 is not ambiguous. It provides that "the person against whom the judgment was entered, *shall* receive credit for any period of incarceration prior to entry of judgment, *if such incarceration was for the offense* or an included offense *for which the judgment was entered.*" (Emphasis added.) The statute is mandatory by its terms. Hoch was incarcerated for two offenses, spent time in the county jail for two offenses, and was separately sentenced for each offense. The presentencing time spent in jail should be credited against each sentence.