703 P.2d 915
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Titus Edwin AARON,
Defendant-Appellant.**

No. 8028.

Court of Appeals of New Mexico.

June 11, 1985.

Certiorari Denied July 16, 1985.

Paul Bardacke, Atty. Gen., Michael Dickman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Titus Edwin Aaron, pro se.

## OPINION

NEAL, Judge.

Defendant was convicted of four counts of issuing worthless checks and twenty-two counts of fraud. (In the first appeal of this conviction we mistakenly referred to five counts of fraud and twenty-one counts of issuing worthless checks.) He was sentenced to a total of four years and six months imprisonment. He was credited with two hundred days of presentence confinement. His conviction was affirmed by this court in *State v. Aaron*, 102 N.M. 187, 692 P.2d 1336 (Ct.App.1984).

In this appeal defendant contends (1) that the trial court erred in not crediting the presentence confinement against the sentence imposed on each count rather than against the total sentence imposed; (2) that the order denying his post-conviction motion is an appealable order; and (3) that denial of his right to appeal is unconstitutional.

Defendant filed a motion to correct sentence under NMSA 1978, Section 31–11–6 (Repl.Pamp.1984), requesting the court to credit him with two hundred days presentence confinement against each sentence imposed. The trial court denied the motion by its order filed on August 3, 1984. He mailed his notice of appeal to the Bernalillo County District Court on August 6, 1984. The notice was not filed until September 24, 1984.

Initially, this appeal was assigned to a summary calendar and summary dismissal was proposed. The defendant filed a memorandum in opposition. This court then assigned the case to the legal calendar.

The first calendaring notice cited three reasons why this court could not entertain the appeal. First, the notice of appeal was not timely filed. Second, the trial court was without jurisdiction to enter an appealable order because notice of appeal had been filed in the first appeal, and that appeal was still pending. Third, Section 31–11–6 confers no right to appeal under *State v. Garcia*, 101 N.M. 232, 680 P.2d 613 (Ct.App.1984). The state urges this court to reach the merits. We dismiss the appeal under the second ground above, but we discuss the merits of defendant's argument as a guide to the district court on remand.

*Procedural Issues.*

■ The order defendant seeks to appeal was filed August 3, 1984. The notice of appeal was not filed until September 24, 1984, and was, therefore, untimely. This defect is jurisdictional. *State v. Brinkley*, 78 N.M. 39, 428 P.2d 13 (1967). However, defendant, who was in custody in New Mexico when he mailed the notice of appeal, asserts in his memorandum in opposition that he mailed his notice to the Bernalillo County District Court Clerk on August 6, 1984, within the time for appeal, but that, "[i]t is the practice of the Bernalillo County District Court [clerk] to file pro se pleadings when she so desires." The state does not disagree. As the state notes, his claim is circumstantially supported by his certificate of service, and under the circumstances the appeal should be considered timely because "a basis exists for avoiding

the effect of the rules." *State v. Martinez*, 84 N.M. 766, 767, 508 P.2d 36, 37 (Ct.App.1973); *State v. Garlick*, 80 N.M. 352, 456 P.2d 185 (1969). We agree and consider the appeal as timely filed.

 The motion to correct sentence was filed by defendant during the pendency of defendant's first appeal. Therefore, the trial court lacked jurisdiction to rule on the motion. *State v. Garcia*, 99 N.M. 466, 469–470, 659 P.2d 918, 921–922 (Ct.App. 1983). Even if the trial court had jurisdiction we would be compelled to dismiss the appeal under *State v. Garcia*, 101 N.M. 232, 680 P.2d 613 (Ct.App.1984), holding that Section 31–11–6 provides no right to appeal independent of the N.M. Const. art. VI, § 2, due to the conflict between the statute and NMSA 1978, Crim.P. Rule 57 (Repl.Pamp.1980). However, the trial court regained jurisdiction after issuance of the mandate in the first appeal. Under NMSA 1978, Crim.P. Rule 57.1 (Repl.Pamp. 1980), the district court may reduce an illegal sentence within thirty days of the mandate from an appellate court having the effect of affirming the judgment. As stated in the Committee Commentary to the section, "[t]his rule is not to be construed as allowing the reduction, deferral or suspension of a sentence unless such modification of sentence is consistent with applicable New Mexico law. See 31–18–12 to 31–21–26 NMSA 1978." The presentence confinement statute is within the cited sections. Therefore, as the trial court may rule on the defendant's motion upon remand, or may act under Rule 57.1, we discuss whether reduction of his sentence under defendant's theory would be "consistent with applicable New Mexico law."

### Credit for Presentence Confinement.

The trial court imposed a total sentence of four and one-half years for all of defendant's twenty-six convictions. The court imposed sentences for all convictions, making some consecutive and some concurrent. The court then subtracted the two-hundred day presentence confinement from the total sentence imposed. Defendant contends that the court erred in not applying the two hundred days to the sentence for each count. NMSA 1978, Section 31–20–12 (Repl.Pamp.1981) states:

A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense.

Defendant contends that the language "any sentence" is not limited to one sentence and, therefore, he must be given two hundred days credit against each of the twenty-six sentences.

The fallacy of this argument is made apparent from the facts of this case. If defendant were credited with two hundred days against each sentence, his credit for serving two hundred days presentence confinement would be 5,200 days, while his actual sentence is only four and one-half years, and he would serve no time in prison for the convictions. Thus the more crimes a defendant is convicted of, the more credit he would receive for presentence confinement.

 The court must give effect to legislative intent which will avoid absurd, unreasonable, or unjust results. *State v. Santillanes*, 99 N.M. 89, 654 P.2d 542. The legislative intent in enacting Section 31–20–12 was to entitle a defendant to one day's credit against his total sentence for each day spent in presentence confinement. Further, NMSA 1978, Section 33–2–39 (Repl.Pamp.1983) provides that when one has been convicted of several convictions with separate sentences, the sentences shall be construed as one continuous sentence of the length of all the sentences combined. *State v. Miller*, 79 N.M. 392, 444 P.2d 577 (1968). Other jurisdictions with statutes similar to Section 31–20–12 have held that credit is not to be multiplied by the number of different sentences imposed. *See State v. Hoch*, 102 Idaho 351, 630 P.2d 143 (1981); *Commonwealth v. Carter*, 10 Mass.App. 618, 411 N.E.2d 184 (1980), for example.

Defendant relies on the four New Mexico decisions, none of which involve the issue of credit for presentence confinement on multiple charges in one case. *State v. Ramzy,* 98 N.M. 436, 649 P.2d 504 (Ct.App. 1982) and *State v. Barefield,* 92 N.M. 768, 595 P.2d 406 (Ct.App.1979) involved credit for confinement in separate cases, that is, separate prosecutions. *State v. Harris,* 101 N.M. 12, 677 P.2d 625 (Ct.App.1984) and *State v. Baker,* 90 N.M. 291, 562 P.2d 1145 (Ct.App.1977) involved sentences under our Habitual Offender Act. These four cases do not support defendant and do not require a result contrary to our holding in this case.

The appeal is dismissed, but the trial court's original determination that defendant is to receive two hundred days credit against his total sentence of four and one-half years is correct.

IT IS SO ORDERED.

DONNELLY, C.J., and WOOD, J., concur.