763 A.2d 741

Donald Wade BLANKENSHIP, Jr.

v.

STATE of Maryland.

No. 770, Sept. Term, 2000.

Court of Special Appeals of Maryland.

Dec. 13, 2000.

Terrell N. Roberts, III, Riverdale, for appellant.

Leigh S. Halstad, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Douglas Gansler, State's Atty. for Montgomery County, Rockville, on the brief), for appellee.

Submitted before MOYLAN, JOHN J. BISHOP, Jr. (Ret., Specially Assigned) and RAYMOND G. THIEME, Jr. (Ret., Specially Assigned), JJ.

MOYLAN, Judge.

By separate indictments, the appellant, Donald Wade Blankenship, Jr., was charged with seven robberies and two attempted robberies that all occurred between June 5 and 9, 1999. Three of those offenses occurred in Prince George's County and the other six occurred in Montgomery County. On November 23, 1999, the three Prince George's County cases were transferred to the Circuit Court for Montgomery County. The appellant subsequently pled guilty to all offenses.

On March 10, 2000, Judge Paul A. McGuckian sentenced the appellant to a term of five years incarceration with all but two years suspended for each offense. The sentences were to run consecutively. The court then gave the appellant credit for the 238 days he spent in custody before the imposition of his sentences. That credit was applied towards one of the offenses of which he was convicted and sentenced, to wit, the Prince George's County robbery of Aissata Bah.

On March 22, 2000, the appellant filed a Motion to Correct an Illegal Sentence. He argued that pursuant to Md.Ann. Code, art. 27 § 638C(a) (1999), the 238 days credit should have been subtracted from *each* offense for which he was convicted and sentenced and not just from one of them. In denying that motion, Judge McGuckian explained that it was within the court's discretion to apply the credit toward another sentence. The court declined so to exercise its discretion and denied the motion. The appellant appealed, raising the sole issue of whether the trial court erred in failing to give him credit for time spent in custody before the imposition of sentence for *each* of the offenses of which he was convicted and sentenced.

Md.Ann.Code, art. 27 § 638C, entitled "Credit against sentence for time spent in custody," provides, in pertinent part:

(a) *Credit for time spent in custody before conviction or acquittal.—Any person who is convicted and sentenced shall receive credit against the term of a definite* or life *sentence* or credit against the minimum and maximum

terms of an indeterminate sentence *for all time spent in the custody of any* state, county or city *jail,* correctional institution, hospital, mental hospital or other agency *as a result of the charge for which the sentence is imposed,* or as a result of the conduct on which the charge is based, *and the term of a definite* or life *sentence* or the minimum and maximum terms of an indeterminate sentence *shall be diminished thereby.*

(Emphasis supplied).

Prior to his sentencing on March 22, 2000, the appellant had spent 238 days in custody, to wit, incarcerated. It is the position of the State and it was the ruling of Judge McGuckian that the appellant was, therefore, entitled to have his sentence of actual or aggregate incarceration reduced by 238 days. It is the appellant's position that because his pre-sentence incarceration was on multiple charges, a possible reading of Sect. 638C(a) would mandate that he have each of his nine consecutive sentences reduced by 238 days for a total reduction of 2142 days.[1] The issue is one of first impression and it requires us to divine what the Legislature intended to do when, in 1974, it enacted what is now Sect. 638C.

The only appellate opinion that has engaged in any in-depth analysis of Sect. 638C is that of Judge Cole for the Court of Appeals in *Fleeger v. State,* 301 Md. 155, 482 A.2d 490 (1984). Judge Cole pointed out that the legislative purpose was two-fold. One purpose (not here pertinent) is for the benefit of the State and the public at large. It is to prevent a defendant from accumulating in advance "banked time" that might give him, in effect, a partial or total "Get out of jail free" card against some yet unperpetrated crime. 301 Md. at 163–65, 482 A.2d 490.

---

**1.** In his reply brief, the appellant acknowledges that for several of the pending charges against him he was on bail rather than in custody. His actual claim for additional credit, therefore, may, when finally computed, have only been for seven times 238 days or six times 238 days. For purposes of doctrinal analysis, however, it is a distinction without a difference once the claim is in excess of one times 238 days.

The other purpose (here very pertinent) is for the benefit of the defendant. It is to shield the defendant, as much as possible, from having to serve "dead time." Judge Cole explained:

> Another purpose of the credit statute is the elimination of "dead" time, which is time spent in custody that will not be credited to any valid sentence. *See* Schornhorst, *Presentence Confinement and the Constitution: The Burial of Dead Time,* 23 Hastings L.J. 1041 (1972); *Right to Credit for Time Spent in Custody Prior to Trial or Sentence,* 77 A.L.R.3d 182 (1977). *Section 638C(a) seeks to avoid dead time by authorizing mandatory credit for any time spent in custody while awaiting trial on an offense for which the defendant is ultimately convicted.*

301 Md. at 165, 482 A.2d 490 (emphasis supplied).

If two defendants receive identical sentences for similar crimes, it is the self-evident purpose of Sect. 638C(a) that the indigent prisoner who could not make bail not serve more time (pre-sentence incarceration plus post-sentence incarceration) than the more affluent prisoner who did make bail (post-sentence incarceration only). It is, moreover, clear that the Legislature contemplated a practical one-day-for-one-day method of reckoning. If a defendant has suffered 85 days of pre-sentence incarceration, for instance, he will serve 85 fewer days of actual incarceration pursuant to his sentence or aggregate sentences of incarceration.

The State will not be permitted to deny a defendant his credit for time served by applying it to one concurrent sentence but not to another. It is more than a "paper" credit. If the prisoner had been in jail for 85 days prior to being sentenced, he would be entitled to walk out of jail 85 days sooner, even on multiple concurrent sentences. *Nash v. State,* 69 Md.App. 681, 691–93, 519 A.2d 769 (1987). By the same token, the defendant is not entitled to double or triple or quadruple credit for time served in the case of consecutive sentences. The defendant is entitled to a single credit against the aggregate sentence, not to multiple credits against each

and every constituent segment of that aggregate. The elemental equation is one actual day for one actual day, and the paper shuffling of multiple sentences will neither decrease it nor increase it.

The appellant lifts from context and then makes much of the phrase "as much credit as possible." The context is *Fleeger v. State,* 301 Md. at 165, 482 A.2d 490:

By enacting § 638C(a), the General Assembly sought to ensure that a defendant receive *as much credit as possible* for time spent in custody as is consistent with constitutional and practical considerations.

(Emphasis supplied). On the facts of *Fleeger,* the problem was that of giving Fleeger "as much credit as possible" up to and hopefully including 100% credit for his pre-sentence incarceration actually served. What was before the Court in *Fleeger* did not in any way involve a claim of entitlement to 200% credit or 900% credit for the pre-sentence incarceration and the Court of Appeals was not even giving thought to such a non-existent issue. The use of the phrase "as much credit as possible" by the Court of Appeals simply will not, therefore, carry the semantic weight urged by the appellant. The appellant here, of course, received 100% credit for the 238 days he served of pre-sentence incarceration. That is as much credit as the "as much credit as possible" language of *Fleeger* ever contemplated.

Although the issue is one of first impression in Maryland, our resolution of it is in line with the undeviating resolution of the same issue by our sister states under virtually identical "credit for time served" statutes. In *Endell v. Johnson,* 738 P.2d 769, 771 (1987), the issue before the Court of Appeals of Alaska was identical with that now before us:

While the precise issue raised in the present case has never been addressed in Alaska, courts of other jurisdictions, construing similar credit-for-time-served statutes, have uniformly held that, when consecutive sentences are imposed for two or more offenses, *periods of presentence incarceration may be credited only against the aggregate of all terms*

*imposed: an offender who receives consecutive sentences is entitled to credit against only the first sentence imposed,* while an offender sentenced to concurrent terms in effect receives credit against each sentence.

(Emphasis supplied).

In *Miller v. State,* 297 So.2d 36, 38 (1974), the Court of Appeals of Florida (First District) analyzed and applied to consecutive sentencing a statute indistinguishable from our Sect. 638C(a).

Certainly, it was not the legislative intent that a defendant be given credit on *each* sentence for the *total time* spent in county jail awaiting disposition of multiple and separate charges. It is a fundamental rule of statutory construction that the courts will not ascribe to the Legislature an intent to create absurd consequences, thus, an interpretation avoiding absurdity is always preferred. In our view the interpretation urged by appellant would create absurd consequences.

... [A] defendant should, of course, be given full credit on his sentence or sentences by the court for time spent in jail awaiting disposition of a charge or charges against him; but *where a defendant is held to answer for numerous charges, he is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition on multiple charges of cases.*

(Internal citation omitted; italics in original; underlining supplied).

The Supreme Court of New Hampshire in *State v. Decker,* 127 N.H. 468, 470–71, 503 A.2d 796, 797–98 (1985), was somewhat harsher in disposing of an argument similar to the appellant's.

We will not presume that in enacting [the credit-for-time-served statute], the legislature intended the absurd result that the defendant's argument entails. We construe our credit statutes to mandate "that *a prisoner* is to receive credit for all jail time—neither more nor less—served be-

fore sentencing which relates to the criminal episode for which the prisoner is sentenced, but *does not receive credit greater than the number of days of his presentencing confinement.*"

(Emphasis supplied).

The Court of Appeals of New Mexico spoke to a similar effect in *State v. Howard,* 108 N.M. 560, 562, 775 P.2d 762, 764 (1989):

> We do not believe the legislature intended to give a defendant credit for additional time, when charged with and convicted of multiple offenses arising from a single criminal action. The court must give effect to legislative intent that will avoid absurd, unreasonable, or unjust results.
>
> Thus, [the credit-for-time-served statute] has been construed to mean that *a defendant is entitled to one day's credit against his total sentence for each day spent in presentence confinement.*

(Internal citation omitted; emphasis supplied).

In *Commonwealth v. Carter,* 10 Mass.App. 618, 620, 411 N.E.2d 184, 186 (1980), the Appeals Court of Massachusetts was emphatic:

> [T]he statutory purpose of the provisions was to afford relief to persons who because of inability to obtain bail were held in custody. This consideration buttresses what we consider to be the fair and untortured reading of the statute: that *a prisoner is to receive credit for all jail time—neither more nor less*—served before sentencing which relates to the criminal episode for which the prisoner is sentences, *but does not receive credit greater than the number of days of his presentencing confinement.*

(Internal citation omitted; emphasis supplied).

The Supreme Court of Idaho addressed the identical issue in *State v. Hoch,* 102 Idaho 351, 352, 630 P.2d 143, 144 (1981):

> We hold that the purpose of [the credit-for-time-served statute] is clearly to give a person convicted of a crime credit for such time as he may have served prior to the

actual sentencing upon conviction. *We find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes.*

(Emphasis supplied).

In *State v. Sanchez,* 2 Neb.App. 1008, 1013, 520 N.W.2d 33, 37 (1994), the Nebraska Court of Appeals pointed out how the purpose of a statute such as Maryland's does not require multiple credit for time served:

The purpose of statutes which require the granting of credit for presentence incarceration is to assure that the equal protection rights of indigent defendants who cannot afford to post bond are not violated. Without credit for time served, the total period of confinement served by an indigent defendant would be more than that of a defendant who could afford to post bond. However, *once credit has been granted, "there is no additional constitutional purpose to be served by granting a second or 'double credit' against a later consecutive sentence."*

(Emphasis supplied).

*See also United States ex rel. Derengowski v. United States Attorney General,* 457 F.2d 812, 813 (8th Cir.1972) ("To allow credit for any of the time would result in appellant receiving double credit for this period."); *Radcliffe v. Clark,* 451 F.2d 250, 251 (5th Cir.1971) ("If petitioner received credit for that period of time on his state sentence, he is not entitled to credit on the [consecutive] federal sentence."); *State v. Warde,* 116 Ariz. 598, 601, 570 P.2d 766, 769 (1977) (credit for pre-sentence custody given on one of two consecutive sentences.); *Duncan v. State,* 274 Ind. 457, 463, 412 N.E.2d 770, 775 (1980) ("The only sensible application of the statute under these circumstances is to allow defendant only one credit for the time served.... He is not entitled to a second credit for the time served."); *Cox v. State,* 214 Kan. 652, 655, 522 P.2d 173, 174 (1974) ("In cases where consecutive sentences have been involved the federal courts have held that a defendant is not entitled to credit on both sentences but only on one sen-

tence."); *State v. Blondin,* 164 Vt. 55, 60, 665 A.2d 587, 591 (1995) ("The total time in custody should be credited on a day-for-day basis against the total days imposed in the consecutive sentences. For ease in calculation and clarity in respect to subsequent exercise of court discretion, the credits should be applied to the sentence that is first imposed."); *Wilson v. State,* 82 Wis.2d 657, 660, 264 N.W.2d 234, 235 (1978) ("[W]here consecutive sentences are imposed, pretrial incarceration time should be credited as time served on only one of such sentences.").

The *Standards for Criminal Justice,* Sect. 18–4.7, 314–15 n. 24 (1986) of the American Bar Association notes the consensus on this sentencing principle between the Final Report of the National Commission on Reform of Federal Criminal Laws (1971) (the "Brown Commission") and the Model Sentencing and Corrections Act of the National Advisory Commission on Uniform State Laws. It quotes with approval note 22 to Sect. 3205(3) of the Final Report of the Brown Commission, where it states that the offender should "not receive credit for the same time more than once."

We hold that Judge McGuckian was correct in awarding the appellant 238 days credit for pre-sentence incarceration on one of the nine consecutive sentences and in not awarding what would have been excessive duplicate credit on the other eight.

**JUDGMENTS AFFIRMED; COSTS TO BE PAID BY APPELLANT.**