J. JONES, Justice,
dissenting.
I dissent from the Court’s opinion because there is no legal basis for limiting a trial judge’s discretion to impose consecutive terms of imprisonment in order to establish a minimum period of incarceration, which is what the trial court did in this case. Idaho judges had the ability to do so under the common law and Idaho Code section 18-309 does not limit that ability. The language at issue in Section 309 merely requires that a credit for time served prior to sentencing be for the offense for which the person is convicted. In order to answer the question posed in this case we must examine more than this one tree in the sentencing forest. Idaho Code section 18-309 deals with computation of a single “term” of imprisonment. It does not deal with the issue of consecutive “terms” of imprisonment for multiple convictions. That subject is addressed in Idaho Code section 18-308.
Idaho Code sections 18-308 and 18-309 were both enacted into law on March 27, 1972, as part of a comprehensive re-write of Idaho’s criminal statutes. 1972 Idaho Sess. Laws, ch. 336, § 1, p. 358. Section 308 initially read:
When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.
As initially enacted, Section 309 did not contain a provision for reduction of the prison term for time served. However, four days later in the 1972 legislative session, the Legislature further amended both sections. 1972 Idaho Sess. Laws, ch. 381, §§ 6 and 7, pp. 110506. With respect to Section 308, the Legislature deleted “must” in the third line and substituted “in the discretion of the court, may.” It is unclear why the Legislature made such a quick turnabout — giving a sentencing court discretion whether to have multiple terms of imprisonment served consecutively rather than mandating that they be served consecutively — but it may be that the Legislature became aware of this Court’s decision in State v. McCoy, 94 Idaho 236, 486 P.2d 247 (1971), which was decided just months earlier. In that case, the Court struck down a statute requiring a minimum ten-day jail sentence for drunk drivers “without any right to exercise judicial discretion in the matter.” Id. at 241, 486 P.2d at 252. The Court held that the Legislature’s action impermissibly infringed on the inherent authority of the judiciary under the Idaho Constitution. Id. It said:
This court always must be watchful, as it has been in the past, that no one of the three separate departments of the government encroach upon the powers properly belonging to another. Thus we reach the decision in this case both as a matter of construction of the constitution of this state and to effect a more rational application of law and policy.

Id.

[1]

The context and effect of the 1972 amendment of Section 308 was analyzed by this Court in State v. Lawrence, 98 Idaho 399, 565 P.2d 989 (1977), as follows:
*8 At common law the courts had discretionary power to impose a consecutive sentence and permissive legislation was not necessary____In Idaho the common law is the rule of decision in cases not otherwise provided for by statute. I.C. § 73-116. Unless the legislature intended I.C. § 18-308 to abrogate entirely the common law rule pertaining to consecutive sentences and prohibit the court from imposing consecutive sentences except in the narrow range of cases which meet the requirements of that section,[2] the district court in this case would have had common law authority to impose the consecutive sentence. We find no evidence in I.C. § 18-308, either before or after the amendment in 1972, of any legislative intent to abrogate or modify the common law rule with respect to cases not falling within the scope of I.C. § 18-308.
Id. at 400-01, 565 P.2d at 990-91. The Court continued:
The former § 18-308 intended to modify the common law rule to the extent that the courts apparently were mandated to impose consecutive sentences in eases within the scope of that section. There was nothing in that section which indicated that the legislature intended to deprive the courts of this common law authority to impose consecutive sentences in other cases. On the contrary, I.C. § 18-308 indicates an opposite intention.
In 1972 the legislature amended I.C. § 18-308, substituting “in the discretion of the court, may”, for the word “must”. I.S.L.1972, ch. 381, § 6, p. 1102. Thus, the statute which, prior to its amendment in 1972, mandated consecutive sentences in some cases was changed by eliminating the mandatory language — perhaps in response to this Court’s opinion in State v. McCoy, supra. McCoy held that the courts held certain constitutional sentencing discretion which the legislature could not impair. Viewed in that setting we find nothing in the amended I.C. § 18-308 indicative of any legislative intent to change the statute so as to prohibit consecutive sentences.
On the contrary, the primary effect of the amendment was essentially to reinstate the common law rule which had been modified by the prior statute.

Id.

This Court recently addressed the matter in State v. Cisneros-Gonzalez, 141 Idaho 494, 496, 112 P.3d 782, 784 (2004), as follows:
Idaho Code § 18-308 is not the source of a court’s authority to impose a cumulative sentence. State v. Lawrence, 98 Idaho 399, 565 P.2d 989 (1977). Under the common law, the courts in Idaho have discretionary power to impose cumulative sentences. Id. Prior to 1972, that common-law authority was modified slightly. Former Idaho Code § 18-308 required consecutive terms of imprisonment in cases that fell within its provisions. Id. In 1972 the statute was amended to make the imposition of consecutive sentences discretionary in the cases within its scope. “[T]he primary effect of the amendment was essentially to reinstate the common law rule which had been modified by the prior statute.” 98 Idaho at 401, 565 P.2d at 991.
As noted above, Sections 308 and 309 were initially enacted in the same legislative measure in 1972 and days later amended in the same legislative measure during the same session. Section 309 did not initially contain a time served provision. It merely provided that a term of imprisonment in a criminal action commenced to run only when the defendant was actually delivered to the place of imprisonment. However, at the same time Section 308 was amended to recognize and restore a trial court’s discretion to impose successive terms of imprisonment for persons before the court with two or more convictions, Section 309 was amended to provide that “[i]n computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or included offense for which the judgment was entered.” The last phrase was merely intended to require that the credit for time served apply to the offense *9 for which the prison term is ultimately imposed, rather than some other charge that the defendant may have been jailed for prior to conviction and sentencing.
When interpreting statutes, it is critical to determine the Legislature’s intent. “This Court freely reviews the interpretation of a statute and its application to the facts. The primary function of the court is to determine and give effect to the legislative intent. Such intent should be derived from a reading of the whole act at issue.” St. Luke’s Reg’l Med. Ctr., Ltd. v. Bd. of Comm’rs of Ada Cnty., 146 Idaho 753, 755, 203 P.3d 683, 685 (2009). Interpretation of Section 309 necessarily requires consideration of Section 308. Section 308 bears the title “successive terms of imprisonment” and acknowledges the discretion of the trial court to impose successive terms of imprisonment where a person is convicted of two or more crimes. The second term of imprisonment commences only upon the termination of the first term of imprisonment, and so on. Section 309 does not deal with the issue of multiple terms of imprisonment. It is worded entirely in the singular— “the term” and “the offense.” It bears the title “computation of term of imprisonment,” and merely provides a condition on the entitlement to a credit for time served. The Legislature undoubtedly intended to tie the credit received to the reason for the prejudgment incarceration. The clause is intended to prevent a defendant from claiming credit for prejudgment incarceration when the period of incarceration was entirely unrelated to the judgment. That goal is achieved so long as credit for the prejudgment incarceration is granted only where the defendant is judged guilty of some offense which the defendant was incarcerated for prior to judgment. There is absolutely nothing in the section suggesting that the defendant receives multiple credits for multiple additional offenses. To read it in that fashion would essentially gut the trial court’s ability to impose minimum fixed terms of imprisonment pursuant to Idaho Code section 19-2513 that the trial court determines in its discretion should be served consecutively, one after the other. It would also infringe on the trial court’s common law authority to impose consecutive sentences. There is nothing in the statutory history of Sections 308 and 309 that indicates a legislative intent to do so.
Section 308 has not been amended since 1972. Section 309 was amended in 1975 in a fashion not relevant here. 1975 Idaho Sess. Laws, ch. 201, § 1, p. 559. Section 309 was again amended in 1996 to add “in the judgment” following “credit.” 1996 Idaho Sess. Laws, eh. 167, § 1, pp. 55253.
Section 309 was first definitively interpreted in 1981. State v. Hoch, 102 Idaho 351, 630 P.2d 143 (1981). There, we held
that the purpose of I.C. § 18-309 is clearly to give a person convicted of a crime credit for such time as he may have served prior to the actual sentencing upon conviction. We find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes. See Miller v. State, 297 So.2d 36 (Fla.App.1974).
Id. at 352, 630 P.2d at 144. The Court did not perform an extensive analysis of the text of Section 309 but did cite to Miller v. State, a decision of the district court of appeal of Florida and apparently was swayed by the language contained therein. Although the Florida court was dealing with a statute worded somewhat differently than Section 309, the defendant-appellant there contended “that a defendant is entitled to credit on each sentence for the total time he is held in jail on multiple charges.” 297 So.2d at 38. The court said in response:
Certainly, it was not the legislative intent that a defendant be given credit on each sentence for the total time spent in the county jail awaiting disposition of multiple and separate charges. It is a fundamental rule of statutory construction that the courts will not ascribe to the Legislature an intent to create absurd consequences, thus, an interpretation avoiding absurdity is always preferred....
This case illustrates that the foregoing statute presents difficulties for its application by the trial courts. Under it, a defendant should, of course, be given full credit on his sentence or sentences by the court for time spent in jail awaiting disposition *10 of a charge or charges against him; but where a defendant is held to answer for numerous charges, he is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition of multiple charges of cases....
When a defendant is held in jail to answer for multiple charges or cases, the first sentencing judge who sentences him to jail or to the state prison shall give him credit on the sentence or sentences in that case for all time spent in jail between the date of his arrest in that case and the date of such sentence even though the defendant may have also been held to answer for other charges during some or all of such time. If the defendant’s jail time exceeds the sentence or sentences pronounced by the first sentencing judge, the next sentencing judge shall give the defendant credit for such excess on the sentence pronounced by him.
Id. (capitalizations in original).
The Hoch Court’s interpretation of Section 309 has stood as the law of this State from 1981 until the date of this opinion. It had been the law of the State for 15 years when the Legislature amended Section 309 in 1996. Between 1981 and 1996, there were several Court of Appeals cases dealing with the question whether a defendant should receive a single credit or multiple credits for prejudgment incarceration when charged with multiple offenses. See State v. Hernandez, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct.App.1991) (holding that a defendant convicted of multiple offenses and sentenced to concurrent sentences was not entitled to receive credit for each sentence); Matthews v. State, 113 Idaho 83, 87, 741 P.2d 370, 374 (Ct.App.1987) (holding that defendant was properly denied credit for each of two consecutive sentences). If the Legislature was unhappy with the manner in which Idaho courts had been applying Section 309 under the Hoch decision, it certainly could have attempted to change the Hoch interpretation when it amended that section in 1996. It did not do so. “It is assumed that when the legislature enacts or amends a statute it has full knowledge of the existing judicial decisions and case law of the state.” George W. Watkins Family v. Messenger, 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990). And, “[t]he legislature is presumed not to intend to overturn long established principles of law unless an intention to do so plainly appears by express declaration or the language employed admits of no other reasonable construction.” Id. Further,
the Legislature is presumed to be aware of this Court’s earlier decisions. Certainly, our Legislature knows how to abrogate decisions from this Court. This Court will not interpret a statute as abrogating the common law unless it is evident that was the Legislature’s intent.
Pioneer Irr. Dist. v. City of Caldwell, 153 Idaho 593, 601-02, 288 P.3d 810, 818-19 (2012) (internal citations omitted).
Courts that have interpreted statutes like Idaho’s have uniformly interpreted them as permitting or requiring trial courts to apply a single credit for prejudgment incarceration where a defendant is convicted of multiple offenses and receives consecutive sentences. See, e.g., State v. Tauiliili, 96 Hawaii 195, 29 P.3d 914, 918 (2001) (“Courts in other jurisdictions having similar statutes agree that a defendant who receives consecutive sentences is entitled to a presentenee credit only once against the aggregate of the consecutive terms.... ”); Blankenship v. State, 135 Md. App. 615, 763 A.2d 741, 743 (2000) (stating the court’s view that a defendant is not entitled to multiple credits for each offense “is in line with the undeviating resolution of the same issue by our sister states under virtually identical ‘credit for time served’ statutes”); State v. Sanchez, 2 Neb.App. 1008, 520 N.W.2d 33, 36 (1994) (noting that courts have uniformly interpreted statutes like Nebraska’s as permitting only a credit against the aggregate sentence and including citations to many such cases); State v. Boettcher, 144 Wis.2d 86, 423 N.W.2d 533, 539 (1988) (“The total time in custody should be credited on a day-for-day basis against the total days imposed in the consecutive sentences.”); Endell v. Johnson, 738 P.2d 769, 771 (Alaska Ct. App.1987) (noting that courts in other jurisdictions with similar statutes have uniformly interpreted them as requiring only one credit *11 against the aggregate sentence); State v. Arcand, 403 N.W.2d 23, 24 (N.D.1987) (holding “that jail credit should be applied only to the first of consecutive sentences”); Effinger v. State, 380 N.W.2d 483, 489 (Minn.1986) (holding that “in situations of consecutive sentences, the jail credit should be applied to only the first sentence since to do otherwise would constitute ‘double credit’”); State v. Aaron, 103 N.M. 138, 703 P.2d 915, 917 (N.M.Ct.App.1985) (“Other jurisdictions with [similar] statutes ... have held that credit is not to be multiplied by the number of different sentences imposed.”); State v. Sodders, 130 Ariz. 23, 633 P.2d 432, 439 (Ariz.Ct.App. 1981) (holding that Arizona’s statute “does not require that presentence incarceration credit must be given on each consecutive sentence imposed”).
In interpreting their statutes, these courts have been guided by considerations involving the policies that motivate the statutes and the effect of interpreting them as requiring a credit for each consecutive sentence. “The purpose of statutes which require the granting of credit for presentence incarceration is to assure that the equal protection rights of indigent defendants who cannot afford to post bond are not violated.” State v. Sanchez, 2 Neb.App. 1008, 520 N.W.2d 33, 37 (1994). An indigent defendant who cannot secure a bond would, absent such a statute, end up serving more time than a well-heeled defendant who did secure a bond. No similar considerations motivate providing a credit for each consecutive sentence. Both the indigent and well-heeled defendant will have served the same time on their consecutive sentences if credit for the prejudgment incarceration is applied to only one of the indigent defendant’s consecutive sentences. Id. In fact, providing multiple credits would lead to an inequitable situation in the other direction:
[A]n interpretation contrary to that prevailing in other jurisdictions would lead to anomalous results. Offenders arrested on multiple charges who managed to secure release on bail and later received consecutive sentences would actually be penalized for posting bail; they would be required to serve the full length of their consecutive terms, whereas similarly situated offenders who did not post bail would be entitled to credit against each of their sentences.
Endell v. Johnson, 738 P.2d 769, 771 (Alaska Ct.App.1987). Similarly, courts have emphasized that interpreting such statutes as requiring multiple credits “would be incompatible with the basic purpose of consecutive sentencing and might tend to defeat the intent of sentencing judges.” Id. Finally, courts have noted that the interpretation advanced by Owens would produce bizarre consequences in certain cases. For instance, “a criminal who is charged with 25 separate batteries and is in nine months pretrial custody and then receives a nine months sentence on each count consecutively would be immediately discharged if multiple-time credits were to be allowed.” State v. Boettcher, 144 Wis.2d 86, 423 N.W.2d 533, 539 (1988).
The trial judge in this case obviously intended Owens to serve a minimum term of four years in prison before becoming eligible for parole. That is because the judge sentenced Owens to a “unified sentence (I.C. § 19-2513) of 15 months; which unified sentence is comprised of a minimum (fixed) period of confinement of six months, followed by an indeterminate period of custody of nine months,” for each of eight counts of violating Idaho Code section 18-3106(a), (b). This is all contained within one judgment wherein the district court contemplated that Owens would serve eight fixed terms of imprisonment of six months each, one after the other, for a combined fixed prison term of four years before becoming eligible for parole. A district court clearly has authority to impose a fixed term sentence for each offense and to require that the terms be served consecutively. The time served credit only applies to the aggregate of the fixed portion of the successive terms until the credit is exhausted. The judgment entered by the district court is clearly in keeping with the discretion afforded him under Idaho Code section 19-2513, Section 308, and the inherent authority of the judiciary and not at all inconsistent with Section 309.
Justice Pro Tem WALTERS concurs.

. The Idaho Constitution was subsequently amended in 1978 to permit the Legislature to establish mandatory minimum sentences that could not be reduced by the courts, but the amendment did not purport to affect the inherent authority of Idaho courts in other aspects of sentencing. Idaho Const., art. V, § 13.

. Here, the Court inserted a footnote reading: "Assuming the legislature has the power to do so. See State v. McCoy, 94 Idaho 236, 486 P.2d 247 (1971)."