Nashua District Court
No. 85-182

## THE STATE OF NEW HAMPSHIRE

v.

## KATHY PHILBRICK

October 24, 1985

*Stephen E. Merrill*, attorney general (*Robert B. Muh*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J. This interlocutory appeal raises the issue whether a defendant convicted of driving under the influence of intoxicating liquor, second offense, and sentenced to imprisonment for the mandatory minimum period of seven consecutive days, may receive credit for presentence incarceration. The Nashua District Court (*Howorth*, J.) ruled in the negative, and this appeal followed. We reverse and remand.

The defendant, Kathy Philbrick, was arrested on September 9, 1984, and charged with driving under the influence of intoxicating liquor, second offense, in violation of RSA 265:82 (Supp. 1983). The following day she was arraigned in the Nashua District Court, and cash bail was set. Unable to furnish bail, the defendant was detained in jail, where she remained for four days. Upon making bail she was released.

The defendant's attorney and the State then negotiated a plea agreement. The agreement provided for a sentence of seven days imprisonment in the house of correction, with credit for the four-day period of presentence incarceration, leaving three days to be served. In addition, the defendant was to pay a fine of $500 plus a penalty assessment and to attend an approved Community Alcohol Information Program. However, the district court ruled that "allowance of credit for 4 days of prison time served prior to trial is not legally permissible" and rejected the agreement. The defendant appealed, presenting the following question:

> "Is it legally permissible to allow a defendant charged with driving while under the influence of intoxicating liquor, second offense, to receive credit for pretrial incarceration as required by RSA 651:3, I and still be in compliance with RSA 265:82-b, III?"

The interplay between two statutes, RSA 265:82-b, III (Supp. 1983) and RSA 651:3, I (Supp. 1983), lies at the heart of this dispute. RSA 265:82-b specifies penalties in DWI cases. If convicted of a second or subsequent offense, a DWI offender must be "sentenced to imprisonment for a period of not less than 7 consecutive 24 hour periods . . . ." RSA 265:82-b, I(b) (Supp. 1983). Further,

> "[n]o portion of the minimum mandatory sentence of imprisonment . . . shall be suspended or reduced by the court. . . . No person serving the minimum mandatory sentence under this section shall be discharged pursuant to authority granted under RSA 651:18, released pursuant to authority granted under RSA 651:19, or in any manner, except as provided in RSA 623:1, prevented from serving the full amount of such minimum mandatory sentence under any authority granted by [the Criminal Code] or any other provision of law."

RSA 265:82-b, III (Supp. 1983).

In enacting RSA 265:82-b, the legislature thus made clear that a DWI-second offender must be imprisoned for at least seven days. No court may suspend or reduce any part of this "minimum mandatory" sentence or in any other manner exercise its discretion so as to prevent the offender from *actually serving* seven consecutive days in jail. *See* RSA 265:82-b, III (Supp. 1983).

RSA 651:3, I (Supp. 1983) governs the calculation of sentencing periods. It provides that "[a]ll the time actually spent in custody prior to the time [the defendant] is sentenced shall be credited in the manner set forth in RSA 651-A:23 against the . . . term of impris-

onment that is imposed . . . . " RSA 651:3, I (Supp. 1983). RSA 651-A:23 (Supp. 1983), to which RSA 651:3 refers, states that

> "[a]ny prisoner who is confined to the state prison, any house of correction, any jail or any other place shall be granted credit against both the maximum and minimum terms of his sentence equal to the number of days during which the prisoner was confined in jail awaiting and during trial prior to the imposition of sentence and not under any sentence of confinement."

RSA 651:3, I, has existed in essentially its present form since the enactment of the Criminal Code in 1971. *See* Laws 1971, 518:1. As a part of RSA chapter 651, this paragraph applies to sentencing for every offense except homicide. *See* RSA 651:1, I. It ensures that "[a]n offender who has not been out on bail and who may have spent a substantial amount of time in custody both prior to and during his trial receives credit against the time he must serve for that time in custody." COMMISSION FOR THE REVISION OF THE CRIMINAL LAWS, REPORT ON PROPOSED NEW HAMPSHIRE CRIMINAL CODE § 607.3 comments (1969). The statute stems principally from the recognition that presentence detention is often the result of indigency. "[T]o ignore the pretrial incarceration of the indigent offender is to permit discrimination based on ecomonic status, which, regardless of the extensive debate over its constitutionality, is unwise and unjust." 3 ABA STANDARDS FOR CRIMINAL JUSTICE § 18-4.7, at 18.310–.311 (2d ed. 1980).

The defendant makes two contentions. She first asserts that nothing in either of the two statutes at issue precludes the operation of the other, and that accordingly she must receive credit for the four days she spent in jail while she was unable to furnish bail. Her second argument is that a denial of the credit in this case would constitute discrimination against her on the basis of her indigency and violate the equal protection guarantees of the State and Federal Constitutions.

The State's premise is that the two statutes conflict. It contends that an allowance of credit for the defendant's presentence incarceration would frustrate the will of the legislature, and that the more general provisions of RSA 651:3, I (Supp. 1983) must yield to the specific dictates of RSA 265:82-b, III (Supp. 1983). The State also denies that any of the defendant's constitutional rights are implicated here.

Our first task is to decide whether the two statutes are inconsistent. The principles governing our inquiry are well established. In construing statutes we examine both the language and the

objective of the legislature. *State v. Riley*, 126 N.H. 257, 265, 490 A.2d 1362, 1368 (1985). The statutory language itself is our touchstone. *Cagan's, Inc. v. Dep't of Rev. Admin.*, 126 N.H. 239, 247, 490 A.2d 1354, 1360 (1985). Where reasonably possible, we will construe statutes as consistent with each other. *Swiezynski v. Civiello*, 126 N.H. 142, 148, 489 A.2d 634, 639 (1985).

We emphasize at the outset that, were it not for the existence of paragraph III of RSA 265:82-b, the defendant clearly would be entitled to credit for the four days that she has already spent in jail. Paragraph I(b) of RSA 265:82-b requires that a DWI-second offender "be sentenced to imprisonment for a period of not less than 7 consecutive 24 hour periods . . . ." The plea agreement that the trial court rejected complied literally with this requirement. The defendant was to be sentenced to imprisonment for the minimum period. She was also, however, to receive credit for the four days that she had already served.

Had the trial court approved the plea agreement, of course, the defendant would not actually have served seven consecutive days in jail. She would have been *sentenced* to seven consecutive days in jail, granted credit for her four days of presentence incarceration, and required to serve an additional three consecutive days. The State argues that this result would contravene the consecutiveness requirement of RSA 265:82-b, I(b) (Supp. 1983).

No necessary conflict arises, however, from the imposition of a minimum sentence and the simultaneous operation of the rule granting credit for presentence incarceration. Sentencing, which involves the discretionary judgment of a court, and the crediting rule, which involves the non-discretionary application of a statute, are logically distinct. Courts render sentences; RSA 651:3, I, speci- fies the method of calculating terms of imprisonment imposed pursuant to such sentences. *Cf. State v. Holmes*, 108 R.I. 579, 277 A.2d 914 (1971) (judge imposes sentence without regard to presentence incarceration, and crediting statute is administratively applied thereafter).

This reasoning applies to a mandatory minimum sentence to the same extent that it does to any other sentence. An offender convicted of the felonious use of a firearm, for example, must be given a "minimum mandatory sentence of one year imprisonment." RSA 651:2, II-b (Supp. 1983). However, if that offender has been incarcerated for six months before the minimum sentence is pronounced, RSA 651:3, I, operates to reduce the offender's post-sentence term of imprisonment to six months. Even though he is sentenced to a single one-year term of imprisonment, the offender effectively serves two six-month periods of imprisonment, one presentence and one post-

sentence. There is nothing anomalous in this result, because the act of sentencing and the crediting rule operate independently of each other. The fact that a "minimum" sentence is imposed does not preclude application of the rule granting credit for presentence incarceration. *See People v. Sylvestry,* 112 Cal. App. 3d Supp. 1, 8–9, 169 Cal. Rptr. 575, 579–80 (1980); *Johnson v. State,* 471 So. 2d 660 (Fla. Dist. Ct. App. 1985); *Lingo v. State,* 344 So. 2d 629 (Fla. Dist. Ct. App. 1977).

In theory, then, the defendant in the instant case may be sentenced to seven consecutive days imprisonment and still receive credit for the four days she has already served. The crediting rule operates so as to reduce her post-sentence term of imprisonment to three consecutive days. *Cf. State v. Ward,* 16 Ohio App. 3d 276, 278, 475 N.E.2d 802, 804 (1984) (dictum) (nothing in drunk driving law requiring mandatory three-day term of confinement prohibits application of statute requiring credit for presentence incarceration).

Thus, logic presents no obstacle to the harmonious co-existence of paragraph I(b) of RSA 265:82-b and RSA 651:3, I. Paragraph III of RSA 265:82-b may present such an obstacle, however. We now must determine whether a conflict exists between paragraph III and RSA 651:3, I (Supp. 1983).

The first part of paragraph III specifies that "[n]o portion of the minimum mandatory sentence of imprisonment . . . shall be suspended . . . by the court." Courts have the authority to suspend sentences of imprisonment. RSA 651:20 (Supp. 1983). The quoted provision prohibits courts from using this authority to prevent DWI-second offenders from actually serving the minimum term of imprisonment. However, the provision makes no reference to, and has no effect on, the operation of RSA 651:3, I (Supp. 1983).

Paragraph III next provides that no one serving the minimum mandatory sentence "shall be discharged pursuant to authority granted under RSA 651:18" or "released pursuant to authority granted under RSA 651:19. . . ." RSA 651:18 permits a jail-keeper or superintendent of the house of correction to discharge a prisoner before his sentence expires if his conduct has been "meritorious." RSA 651:19 permits a sentencing court to release an offender for rehabilitative purposes at any time during the term of his sentence. Like the provision prohibiting suspension of sentences, this portion of paragraph III does not implicate RSA 651:3, I.

If the still-elusive statutory conflict exists, then, it must be lurking in the final portion of paragraph III. This final portion is a catch-all clause, which provides that no DWI offender serving a

minimum sentence "shall be . . . in any manner . . . prevented from serving the full amount of such minimum mandatory sentence under any authority granted by [the Criminal Code] or any other provision of law."

Two questions remain. The first is whether RSA 651:3, I, grants "authority" within the meaning of RSA 265:82-b, III. The second question is whether, if the answer to the first question is yes, the operation of RSA 651:3, I, could prevent a DWI-second offender from serving the "full amount" of a seven consecutive day sentence. If the answer to either of these questions is no, RSA 651:3, I, and RSA 265:82-b, III, are not inconsistent. In order to resolve the first question we must again consider paragraph III of RSA 265:82-b. The signal effect of paragraph III is to constrict the exercise of judicial and administrative *discretion* to reduce the amount of time actually served in DWI cases. Each of the pertinent parts of paragraph III that precede the catch-all clause refers to a specific "authority" that can be invoked to reduce terms of imprisonment. Exercise of each of these authorities is discretionary, not mandatory. If the application of the crediting rule were a discretionary matter, it would be reasonable to read paragraph III's reference to "authorit[ies] granted" as including RSA 651:3, I, within its ambit. But the crediting rule is mandatory, not discretionary. *See* RSA 651:3, I ("[a]ll the time actually spent in custody . . . *shall* be credited . . . ." (emphasis added)). The codification of the crediting rule ensures that where applicable the rule will apply uniformly in every criminal case. *See* COMMISSION FOR THE REVISION OF THE CRIMINAL LAWS, REPORT ON PROPOSED NEW HAMPSHIRE CRIMINAL CODE § 607.3 comments (1969). The use of the term "authority" (the same term used in the references to RSA 651:18 and :19 earlier in paragraph III) in the catch-all clause of paragraph III suggests that the clause refers to *other* discretionary powers "granted" to courts or administrators relating to the serving of sentences. The clause does not suggest an intent to abrogate the mandatory rule granting credit for presentence incarceration.

We conclude that RSA 651:3, I, does not constitute a law granting "authority" within the meaning of RSA 265:82-b, III. It follows that no statutory conflict exists, and that nothing in paragraph III of RSA 265:82-b precludes the operation of RSA 651:3, I.

■ We hold that a DWI-second offender sentenced to the minimum term of imprisonment of seven consecutive days must receive credit for presentence incarceration. The answer to the question presented is yes.

In light of our holding, we do not reach the constitutional issues raised by the defendant.

*Reversed and remanded.*

JOHNSON, J., did not sit; the others concurred.