Hillsborough
No. 84-525

THE STATE OF NEW HAMPSHIRE

v.

ROBERT DECKER

December 5, 1985

*Stephen E. Merrill*, attorney general (*T. David Plourde*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J. The defendant appeals from the trial court's sentencing order denying him multiple credit for his period of pretrial confinement. We affirm.

The defendant was arrested on August 3, 1983, and charged with numerous criminal offenses. Unable to furnish bail, he was held in jail until October 10, 1984. On that day he pleaded guilty to three of the charges: two complaints alleging sexual assault, RSA 632-A:4, and one indictment alleging felonious sexual assault, RSA 632-A:3. The Superior Court (*Dalianis*, J.) sentenced the defendant to a term of one year in the house of correction on each of the two misdemeanor charges, and to a term in the State prison of three and one-half to seven years on the felony charge. Each of the three sentences was to be served consecutively. The court specified that the defendant's 434-day period of pretrial confinement was to be credited as follows:

(1) 365 days toward the first one-year sentence; and

(2) the remaining 69 days toward the second one-year sentence.

The defendant objected to the court's application of the credit statutes, RSA 651:3, I (Supp. 1983) and RSA 651-A:23 (Supp. 1983), and raised the matter before the sentence review division, which declined to rule on the question.

On appeal the defendant contends that he is entitled to a 434-day credit toward *each* of his three consecutive sentences. He argues that when an offender is held on a single charge prior to trial, and is later sentenced upon conviction of the offense charged, the offender is entitled to credit for pretrial confinement. It follows, he urges, that when an offender is held on several charges prior to trial, and is later sentenced upon conviction of the offenses charged, his pretrial

confinement credit applies to each of the sentences imposed. The defendant points out that when an offender serves concurrent sentences, the pretrial confinement credit is applied to each sentence. When consecutive sentences are imposed (as here), he contends, the same rule should apply.

RSA 651:3, I (Supp. 1983), which governs the calculation of periods of imprisonment, provides that "[a]ll the time actually spent in custody prior to the time [the defendant] is sentenced shall be credited in the manner set forth in RSA 651-A:23 against the maximum term of imprisonment that is imposed and against any minimum term authorized by RSA 651:2 or 6." RSA 651-A:23 (Supp. 1983), which is included among the statutes pertaining to parole, specifies that

> "[a]ny prisoner who is confined to the state prison, any house of correction, any jail or any other place shall be granted credit against both the maximum and minimum terms of his sentence equal to the number of days during which the prisoner was confined in jail awaiting and during trial prior to the imposition of sentence and not under any sentence of confinement."

As we recently stated, the credit statutes "stem[ ] principally from the recognition that presentence detention is often the result of indigency." *State v. Philbrick*, 127 N.H. 353, 355, 499 A.2d 1341, 1343 (1985). One principle underlying the credit statutes is that an indigent offender unable to furnish bail should serve no more and no less time in confinement than an otherwise identically situated offender who succeeds in furnishing bail. *See id.*

The defendant would have us adopt a construction of the credit statutes that would contravene this principle. He asks us, in effect, to treat his pretrial confinement period as triple what it actually was in calculating his post-sentence term of imprisonment. Were we to do so, and were the defendant to serve the full term of his sentence, he would ultimately serve a total term of imprisonment of three and one-half to seven years. A similarly situated offender, subject to identical sentences but able to furnish bail, would serve five and one-half to nine years. Such a disparity could have no conceivable penological justification. *See Commonwealth v. Carter*, 10 Mass. App. Ct. 618, 411 N.E.2d 184 (1980); *People v. Cantu*, 117 Mich. App. 399, 323 N.W.2d 719 (1982).

We will not presume that in enacting RSA 651:3 and RSA 651-A:23 the legislature intended the absurd result that the defendant's argument entails. *See State v. Kay*, 115 N.H. 696, 698–99, 350

A.2d 336, 338 (1975). We construe our credit statutes to mandate "that a prisoner is to receive credit for all jail time—neither more nor less—served before sentencing which relates to the criminal episode for which the prisoner is sentenced, but does not receive credit greater than the number of days of his presentencing confinement." *Commonwealth v. Carter, supra* at 620–21, 411 N.E.2d at 186.

We hold that the trial court properly applied the credit statutes.

*Affirmed.*

All concurred.