NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2016-0544


THE STATE OF NEW HAMPSHIRE

v.

THEO BOSA

Argued: September 27, 2017
Opinion Issued: November 30, 2017


Gordon J. MacDonald, attorney general (Sean P. Gill, assistant attorney general, on the memorandum of law and orally), for the State.


Thomas Barnard, senior assistant appellate defender, of Concord, on the brief and orally, for the defendant.


HANTZ MARCONI, J. The defendant, Theo Bosa, appeals the sentencing order from the Superior Court (McNamara, J.) granting him 123 days of presentence confinement credit. See RSA 651:3 (2016); RSA 651-A:23 (2016). On appeal, the defendant argues that the superior court erred in awarding him only 123 days of presentence confinement credit, instead of the full 243 days he requested. We affirm.

The following facts are undisputed on appeal. The defendant was arrested on January 8, 2016, after assaulting his ex-girlfriend. As a result of

this incident, he was charged in superior court with second degree assault, <u>see</u> RSA 631:2, I(f) (2016), and criminal trespass, <u>see</u> RSA 635:2, III (2016). The State represents that on the date of the defendant's arrest, the police discovered an outstanding warrant for protective order violations and he was arrested on that warrant as well. The defendant was subsequently charged with three protective order violations in circuit court. <u>See</u> RSA 173-B:9 (2014). The defendant did not post bail on either set of charges and remained in custody through trial and sentencing in both courts.

On June 27, 2016, the Circuit Court (<u>Spath</u>, J.) convicted the defendant on two of the three misdemeanor protective order violations and sentenced him to 12 months at the house of corrections, with all but four months suspended, and an additional suspended sentence. The circuit court credited the defendant with four months — 120 days — of presentence confinement, thereby satisfying the stand-committed portion of his sentence.

In late July 2016, the defendant was tried and convicted on the superior court charges. On September 7, 2016, the superior court judge sentenced the defendant to three to seven years at the New Hampshire State Prison, stand committed, on the second degree assault conviction, and to twelve months at the house of corrections, all suspended for five years, on the criminal trespass conviction, which would be consecutive to the state prison sentence if imposed. The parties agreed that the defendant had been incarcerated for 243 days, from January 8, 2016, until September 7, 2016. The defendant requested credit for all 243 days toward his state prison sentence, while the State argued that the defendant was entitled to only 123 days because of the 120 days credited by the circuit court. The superior court agreed with the State and credited the defendant with 123 days of presentence confinement: 243 total days of confinement minus the 120 days "cashed in" to satisfy his four-month stand-committed circuit court sentence.

On appeal, the defendant argues that, pursuant to RSA 651:3 and RSA 651-A:23, the superior court was required to credit him with 243 days of presentence confinement, including the 120 days that had already been credited to satisfy his circuit court stand-committed sentence. He asserts that his superior court and circuit court sentences were concurrent, which required the superior court to award full credit for the 243 days of presentence confinement. Alternatively, he argues that if the superior court was not required to award him credit for all 243 presentence confinement days, it had the discretion to do so.

"We review the trial court's statutory interpretation <u>de</u> <u>novo</u>." <u>State v. Forest</u>, 163 N.H. 616, 619 (2012). "We are the final arbiters of legislative intent as expressed in the words of the statute considered as a whole." <u>Id</u>. "We construe provisions of the Criminal Code according to the fair import of their

terms and to promote justice." Id. (quotation omitted); see RSA 625:3 (2016). "When interpreting a statute, we first look to the language of the statute itself, and, if possible, construe the language according to its plain and ordinary meaning." Forest, 163 N.H. at 619. "We do not read words or phrases in isolation, but in the context of the entire statutory scheme." Id. "When the language of a statute is plain and unambiguous, we do not look beyond it for further indications of legislative intent." Id.

The allocation of presentence confinement credit is governed by RSA 651:3 and RSA 651-A:23. Id. RSA 651:3, I, provides in relevant part: "All the time actually spent in custody prior to the time [the defendant] is sentenced shall be credited in the manner set forth in RSA 651-A:23 against the maximum term of imprisonment that is imposed and against any minimum term authorized by RSA 651:2 or 6." RSA 651-A:23 provides in pertinent part:

> Any prisoner who is confined to the state prison, any house of correction, any jail or any other place shall be granted credit against both the maximum and minimum terms of his sentence equal to the number of days during which the prisoner was confined in jail awaiting and during trial prior to the imposition of sentence and not under any sentence of confinement.

Our presentence confinement credit statutes thus "mandate that a prisoner is to receive credit for all jail time — neither more nor less — served before sentencing which relates to the criminal episode for which the prisoner is sentenced, but does not receive credit greater than the number of days of his presentencing confinement." Forest, 163 N.H. at 619 (quotation omitted). The credit statutes stem from the recognition that presentence detention is often the result of indigency; they reflect the principle that "an indigent offender unable to furnish bail should serve neither more nor less time in confinement than an otherwise identically situated offender who succeeds in furnishing bail." State v. Edson, 153 N.H. 45, 49 (2005).

As the State points out, "[t]he plain language of RSA 651-A:23 expressly excludes any time spent under a sentence of confinement from the calculation of presentence confinement credit." A sentence of confinement is one involving imprisonment "that a court formally pronounces after finding a criminal defendant guilty." Black's Law Dictionary 1569 (10th ed. 2014) (defining "sentence"). Although the sentence is pronounced after the finding of guilt, the sentence may be served before the pronouncement, while the defendant is in custody awaiting adjudication. See id. at 1570 (defining "sentence[] to time served"). Presentence confinement time "that has been credited toward a sentence is effectively the same thing as time served pursuant to a sentence." State v. Trudeau, 487 N.W.2d 11, 15 (N.D. 1992). Here, the defendant argues

3

that "[b]efore the Circuit Court sentencing hearing, [he] had not yet been sentenced by any court, and after that hearing, [he] had fully satisfied the sentence imposed by the Circuit Court. Thus, at no time during the relevant time period was [he] under a sentence of confinement." We disagree. The circuit court sentenced him to four months stand committed and credited him with 120 days of presentence confinement. These 120 days, served before the sentence was imposed, satisfied the four-month stand-committed portion of his sentence. Thus, the 120 days of presentence confinement that the circuit court used to satisfy the defendant's stand-committed sentence were no longer available for the superior court to use as credit because the defendant had been, retrospectively, under a sentence of confinement during those 120 days. See RSA 651-A:23 (permitting presentence confinement credit only when defendant was "not under any sentence of confinement").

The defendant argues that he is entitled to double credit for the 120 days at issue because his superior court sentence is effectively concurrent with his circuit court sentence. He contends that they should be considered concurrent because the superior court did not identify them as consecutive. Concurrent sentences "operat[e] at the same time" and are "served simultaneously." See Black's Law Dictionary, supra at 352, 1569 (defining "concurrent" and "concurrent sentences"). Therefore, in order to impose concurrent sentences, there must be undischarged portions of each sentence remaining at the time the latter sentence commences. Here, because the stand-committed portion of the defendant's circuit court sentence was fully discharged by his 120 days of presentence confinement credit prior to his superior court sentencing — leaving no portion of the circuit court sentence outstanding to overlap with the superior court sentence at the time of its imposition — the two sentences could not be concurrent.

Nor were the circuit court and superior court sentences consecutive to each other. See id. at 1569 (defining "consecutive sentences" as "[t]wo or more sentences of jail time to be served in sequence"). Because the stand-committed portion of the circuit court sentence had been extinguished before the defendant was sentenced in the superior court, the defendant was no longer serving a sentence of confinement for the circuit court convictions and had no portion of the sentence left to be immediately followed by the superior court sentence. Rather, the sentences were separated in time and unrelated to one another.

The defendant contends that, had his sentences been imposed by both courts on the same day, he would have served only three years before his minimum parole eligibility date. His contention relies upon the presumption that sentences imposed by different courts on the same day would run concurrently. We decline to adopt this presumption. Sentencing courts have the discretion to pronounce sentences concurrent with or consecutive to one

4

another.  See State v. Rau, 129 N.H. 126, 130 (1987).  We recognize that there may be instances when sequence and timing may affect the overall length of incarceration but this is not such an instance.

The defendant argues, in the alternative, that the superior court had the discretion to award 243 days of credit.  We again disagree.  "[T]he rule granting credit for presentence incarceration . . . involves the non-discretionary application of a statute . . . ."  State v. Philbrick, 127 N.H. 353, 356 (1985).  While the trial court must award presentence confinement credit, id. at 358 (emphasizing that "the crediting rule is mandatory"), it maintains the discretion to allocate credit among sentences, Edson, 153 N.H. at 49 (recognizing that "it is within the trial court's discretion to allocate pretrial credit").  The trial court may not, however, award more days than the defendant was actually in custody while "not under any sentence of confinement."  See RSA 651-A:23 (requiring credit "equal to the number of days during which the prisoner was confined in jail awaiting and during trial prior to the imposition of sentence and not under any sentence of confinement" (emphasis added)).  As established above, the defendant was under a sentence of confinement, albeit retrospectively imposed, when the circuit court awarded him 120 days of presentence confinement credit to satisfy the stand-committed portion of his sentence.  Thus, the superior court was left with only 123 days available to credit:  243 days of total presentence confinement less the days the defendant was under a sentence of confinement.  Therefore, the superior court did not have the discretion to award the defendant 243 days of presentence confinement credit.

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.