# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## In Case No. 2017-0455, <u>State of New Hampshire v. Luis Lopez</u>, the court on March 29, 2018, issued the following order:

Having considered the defendant's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Luis Lopez, appeals his sentence, agreed to by the parties and accepted by the Superior Court (<u>Delker</u>, J.), on a charge of conspiracy to sell a controlled drug. <u>See</u> RSA 318-B:2, I (2017); RSA 629:3 (2016). He argues that the trial court erred by not crediting him with 542 days of pretrial confinement, <u>see</u> RSA 651:3 (2016); RSA 651-A:23 (2016), on the basis that a Massachusetts court had already credited him with that time in imposing a sentence on convictions for unrelated crimes in Massachusetts.

The record establishes the following relevant facts. The defendant pleaded guilty in the present case in January 2015. He failed to appear at his July 16, 2015 sentencing hearing, and as a result, an arrest warrant was issued. On August 4, 2015, the defendant was arrested in Massachusetts and charged with multiple Massachusetts narcotics and firearms offenses. He did not post bail, and was held both on the Massachusetts charges and the outstanding New Hampshire warrant until January 26, 2017, when he was sentenced on the Massachusetts charges to a Massachusetts prison term of four-to-five years. In sentencing the defendant, the Massachusetts court granted him pretrial confinement credit of 542 days, representing the entirety of his confinement between August 4, 2015 and January 26, 2017.

Thereafter, the defendant was transferred to New Hampshire for sentencing in the New Hampshire case pursuant to the Interstate Agreement on Detainers (IAD). <u>See</u> <u>generally</u> RSA 606-A:1 (2001). The defendant requested that the trial court grant him 542 days of pretrial confinement credit for the time that he was confined in Massachusetts following his August 4, 2015 arrest until his January 26, 2017 Massachusetts sentencing. In a well-reasoned order, the trial court rejected the defendant's request, reasoning that granting the request would contradict the purpose of the pretrial confinement statutes by effectively allowing him to serve less time than an identically-situated defendant who had posted bail. <u>See</u> <u>State v. Forrest</u>, 163 N.H. 616, 619 (2012) (observing that the principle underlying the pretrial confinement credit statutes is that an indigent offender should serve neither more nor less time than an identically-situated offender who is able to furnish bail).

On appeal, the defendant argues that the plain language of RSA 651-A:23 entitles him to credit for the time he was confined in Massachusetts between August 4, 2015 and January 26, 2017, because he was being detained during that period, in part, on an arrest warrant in this case. He further argues that, under the IAD, New Hampshire public policy "is to allow defendants to serve New Hampshire prison sentences simultaneously in other jurisdictions" and, thus, crediting a defendant for the same pretrial confinement twice is consistent with public policy when a defendant is serving prison sentences in more than one state. We agree with the State, however, that this case is controlled by State v. Bosa, 170 N.H. ___, 176 A.3d 769 (2017), a case we decided after the trial court issued its order.

Under RSA 651-A:23, a prisoner confined to "any jail or any other place" is entitled to "credit against both the maximum and minimum terms of his sentence equal to the number of days during which the prisoner was confined in jail awaiting and during trial prior to the imposition of sentence and not under any sentence of confinement." The statute applies to time confined in another jurisdiction while awaiting extradition to New Hampshire. See State v. Duran, 158 N.H. 146, 152-58 (2008). By its plain language, however, it excludes time spent confined under a "sentence of confinement." Bosa, 170 N.H. at ___, 176 A.3d at 772-73.

In Bosa, the defendant was arrested both for crimes that he committed during a single criminal episode that were charged in superior court, and on a warrant that was outstanding at the time of the episode for unrelated crimes that were charged in circuit court. Id. at ___, 176 A.3d at 771. He remained in custody through trial and sentencing in both cases. Id. The circuit court first sentenced the defendant to serve a stand-committed term of four months at the house of corrections, but credited him with 120 days of pretrial confinement, thereby satisfying the stand-committed term. Id. After the defendant had been incarcerated for a total of 243 days, the superior court sentenced him to a stand-committed term at the state prison, but credited him with only 123 days of pretrial confinement, consisting of the difference between the 243 days of total confinement and the 120 days that the circuit court had already credited toward the circuit court sentence. Id. at ___, 176 A.3d at 771-72. On appeal, the defendant argued that he was entitled to be credited with the entire 243 days of pretrial confinement on the state prison sentence under RSA 651-A:23.

In affirming, we rejected the defendant's argument that he was never under a "sentence of confinement" for purposes of RSA 651-A:23 during the 243 days that he was in custody, holding instead that, once the circuit court had credited him with 120 days under RSA 651-A:23, that time retrospectively became time served under a "sentence of confinement." Id. at ___, 176 A.3d at 773. Likewise, we rejected the defendant's argument that the two sentences were "effectively concurrent" because the superior court had not identified them as consecutive, reasoning that for a court to impose a sentence

2

concurrent to a previously-imposed sentence, "there must be an undischarged portion of the former sentence to overlap with the latter sentence"; the sentence could not be made retroactively concurrent to a sentence already served. Id. Finally, we rejected the defendant's argument that the superior court had discretion to award the entire 243 days of credit, holding that, once the circuit court had retrospectively imposed a sentence of confinement by awarding 120 days of pretrial confinement credit, the superior court lacked any discretion to award the defendant that same time. Id. at ___, 176 A.3d at 774.

In this case, once the Massachusetts court awarded the defendant 542 days of pretrial confinement credit, that time became, for purposes of RSA 651-A:23, a retrospectively-imposed sentence of confinement, and the trial court lacked discretion to award it again. Id. at ___, 176 A.3d at 773-74. Although the defendant claims that he is now serving a portion of his New Hampshire sentence concurrently with the Massachusetts sentence, even if this is true, the time that he served under the sentence of confinement in Massachusetts had already been discharged at the time of sentencing in this case, and the defendant identifies no provision of the IAD requiring the New Hampshire sentence to be made retroactively concurrent to the Massachusetts sentence. See id. at ___, 176 A.3d at 773; cf. RSA 606-A:1, art. III(e) (stating that nothing in that paragraph "shall prevent the imposition of a concurrent sentence if otherwise permitted by law" (Emphasis added.)). Finally, we note that the defendant does not challenge the trial court's determination that awarding him 542 days of pretrial confinement a second time would effectively allow him to serve less time than an identically-situated person who had posted bail. As the trial court correctly observed, such a result would violate the purpose of the pretrial confinement statutes. See Forrest, 163 N.H. at 619-20.

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

3