NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Cheshire
No. 2016-0530

THE STATE OF NEW HAMPSHIRE

v.

DANIEL ALLAIN

Argued: October 26, 2017
Opinion Issued: September 11, 2018

Gordon J. MacDonald, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the brief and orally), for the State.

Christine C. List, assistant appellate defender, by brief and orally, for the defendant.

HANTZ MARCONI, J. The defendant, Daniel Allain, appeals orders of the Superior Court (Kissinger, J.; Ruoff, J.) denying his request for pretrial confinement credit toward a suspended sentence imposed for violating a good behavior condition. We reverse and remand.

The record supports the following facts. In October 2011, the defendant pleaded guilty to an extended term felony of receiving stolen property. He received a sentence of four to 14 years in the New Hampshire State Prison,

suspended for 15 years.  The sentence included a condition that he "be of good behavior."

On October 10, 2015, the defendant was arrested for an August 31, 2015 burglary.  He was unable to post bail and remained incarcerated.  On February 22, 2016, the State obtained eight indictments against the defendant relating to burglaries and thefts that took place during the late summer of 2015, including the August 31 burglary.  On July 8, 2016, the State moved to impose the defendant's 2011 suspended sentence because he violated the good behavior condition by committing the August 31 burglary.  On August 15, 2016, the State entered a nolle prosequi on the charge involving the August 31, 2015 burglary.

The trial court held a hearing on August 22, 2016, at which the State presented evidence — including sworn testimony and exhibits — regarding the defendant's participation in the August 31, 2015 burglary to prove that the defendant had not been of good behavior.  On August 24, the trial court imposed a term of three to six years of the 2011 sentence.  On September 6, the defendant moved for pretrial confinement credit pursuant to RSA 651:3 (2016) and RSA 651-A:23 (2016).  He argued that because he had been in custody since October 10, 2015 "for want of cash bail," but for his "indigency and the timing of the Government's motion he would have been free on bail until the finding entered on August 24, 2016."  The trial court denied the motion, reasoning that the defendant's confinement was the result of the 2015 charges and that he would receive pretrial credit on any sentence he received if convicted on those charges.

On appeal, the defendant argues that the trial court erred by denying him "presentence confinement credit beginning October 10, 2015."  He contends that had he posted bail on October 10, 2015, he would serve a total of three to six years of the 2011 sentence, but "[b]ecause he is indigent and the court denied credit, he will serve three years, 332 days to six years, 332 days." (Footnote omitted.)  Requiring him to serve more time because of his indigency, he argues, "involves precisely the discrimination" the presentence confinement credit statutes seek to prohibit.  The State counters that "[a]lthough the trial court had decided to suspend the defendant's sentence in 2011, he had, in fact, been sentenced at that time" and, therefore, the defendant could not "have been awaiting sentence on the 2011 charges."  The State argues that the pretrial confinement time will be properly credited toward any sentence that may be imposed should the defendant be convicted on the unresolved indictments obtained in February 2016.

Resolving this issue requires us to interpret the relevant statutory provisions.  This court is the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole.  See State v. Bosa,

170 N.H. 452, 455 (2017). We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice. Id.; see RSA 625:3 (2016). When interpreting a statute, we first look to the language of the statute itself, and, if possible, construe the language according to its plain and ordinary meaning. Bosa, 170 N.H. at 455. We do not read words or phrases in isolation, but in the context of the entire statutory scheme. Id. When the language of a statute is plain and unambiguous, we do not look beyond it for further indications of legislative intent. Id. We review the trial court's statutory interpretation de novo. Id.

The allocation of presentence confinement credit is governed by RSA 651:3 and RSA 651-A:23. RSA 651:3, I, provides in pertinent part: "All the time actually spent in custody prior to the time [the defendant] is sentenced shall be credited in the manner set forth in RSA 651-A:23 against the maximum term of imprisonment that is imposed and against any minimum term authorized by RSA 651:2 or 6." RSA 651-A:23 provides in pertinent part:

> Any prisoner who is confined to the state prison, any house of correction, any jail or any other place shall be granted credit against both the maximum and minimum terms of his sentence equal to the number of days during which the prisoner was confined in jail awaiting and during trial prior to the imposition of sentence and not under any sentence of confinement.

Presentence confinement credit statutes "stem principally from the recognition that presentence detention is often the result of indigency." State v. Edson, 153 N.H. 45, 49 (2005). "A principle underlying the credit statutes is that an indigent offender unable to furnish bail should serve neither more nor less time in confinement than an otherwise identically situated offender who succeeds in furnishing bail." State v. Forest, 163 N.H. 616, 619 (2012). These statutes "mandate that a prisoner is to receive credit for all jail time — neither more nor less — served before sentencing which relates to the criminal episode for which the prisoner is sentenced, but does not receive credit greater than the number of days of his presentencing confinement." State v. Decker, 127 N.H. 468, 471 (1985) (quotation omitted).

As set forth above, under the plain language of the statute, any prisoner confined to jail prior to sentencing "shall be granted credit . . . equal to the number of days during which the prisoner was confined in jail awaiting and during trial prior to the imposition of sentence and not under any sentence of confinement." RSA 651-A:23. In this case, the defendant was in jail following his arrest on October 10, 2015 for the August 31, 2015 burglary. The State relied upon that burglary as grounds for requesting that the trial court impose the defendant's previously suspended sentence. On August 22, 2016, the trial court conducted the equivalent of a trial and found that "the State proved the

3

defendant failed to be of good behavior in that he committed" the August 31 burglary. Accordingly, on August 24, 2016 the court sentenced the defendant to three to six years. Thus, the defendant's confinement period related to the "criminal episode" for which the trial court imposed the suspended sentence because he was confined for the August 31 burglary, the same conduct for which the court imposed the suspended sentence. See Decker, 127 N.H. at 471.

As the defendant argues, had he been able to post the cash bail associated with the August 31 burglary, he would have been released from jail between the time of his arrest on October 10, 2015, and the date of his sentencing on August 24, 2016. Thus, solely due to his indigency, absent an award of pretrial confinement credit the defendant will serve nearly a year more than would a defendant who was able to post bail. The trial court's allocation of pretrial credit "must reflect an application of the credit statutes that ensures the equal treatment of those confined prior to trial due to indigency, and those who are able to post bail." Edson, 153 N.H. at 49; see State v. Philbrick, 127 N.H. 353, 355 (1985) (explaining that to ignore the pretrial incarceration of the indigent offender is to permit discrimination based on economic status which is "unwise and unjust" (quotation omitted)).

Accordingly, we reverse the trial court's orders denying the defendant's request for pretrial confinement credit and remand with instructions to the court to grant pretrial credit toward the defendant's sentence of three to six years for the period in which he was confined prior to the imposition of that sentence.

Reversed and remanded.

LYNN, C.J., and HICKS and BASSETT, JJ., concurred.

4